# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# LINCOLN.

## MAY TERM,

## 1827.

---

### RING vs. BURTON adx.

The provisions of *Stat.* 1821. *ch.* 51, *sec.* 28, apply to the cases where the creditor had already recovered his judgment against the administrator, before the estate was represented insolvent, as well as to those where the action was then pending, or is afterwards commenced.

*It seems* that the allowance of further time to settle an administration account, under the hand and seal of the Judge of Probate, ought to be made before the expiration of the six months mentioned in *Stat.* 1821. *ch.* 51, *sec.* 28 ; and that if a still further time be granted, the order should issue before the end of the term first allowed ;—*sed quære.*

Where an administrator, after judgment against him in that capacity, discovers new debts, and thereupon represents the estate insolvent, and proceeds regularly under the commission, the return of *nulla bona* on the execution does not support a suggestion of waste.

THIS was a *scire facias* commenced in *October* 1822, upon a judgment recovered at the Court of Common Pleas, in this county, on the second Monday in *January* 1822, by the plaintiff against the defendant as administratrix of the estate of *William Burton, Jr.* ; setting forth the delivery of the execution to an officer, and his return that he had made demand upon the administratrix, who refused either to pay the judgment, or to disclose estate of her intestate wherewith it might be satisfied ; and thereupon suggesting waste.

Ring *v.* Burton adx.

At *May* term, 1825, leave having been given to plead anew, the defendant pleaded that after the second Monday of *January* 1822, she discovered other just and legal debts due from the deceased, beyond the value of all his estate which had been inventoried or come to his hands ; whereupon she represented the estate insolvent, and a commission of insolvency was issued *Jan.* 22, 1822 ;—that six months time was allowed to the creditors to produce and prove their claims, before the commissioners, of which due notice was given ;—that *Jan.* 21, 1823, the commissioners made return to the Judge of Probate of a list of the claims proved before them, amounting to $696,69, which was received and filed ;—that on the same day the administratrix presented her first account of administration, which after due notice was settled *June* 5, 1823, in which she accounted for the whole personal estate, being $928,04, and was allowed for sundry payments and charges, amounting to $906,32, leaving in her hands a balance of $21,72 ;—that on the same day when her account was settled, she applied for license to sell so much of the real estate of the deceased, as might enable her to pay the debts due from his estate, which was granted *Sept.* 6, 1823 ;—that on the 3d day of *June* 1824, the whole of the real estate having been sold by virtue of the license, the Judge of Probate, under his hand and seal, allowed her further time until *Sept.* 4, 1824, to exhibit and settle her final account of administration ; on which last day she presented a petition, praying for the allowance of further time for that purpose ; whereupon the Judge, at a Probate Court holden *Oct.* 1, 1824, allowed her, under his hand and seal, a further time until the Thursday next following the third Monday in *Jan.* 1825, to exhibit and settle her final account ;—and afterwards, at a Probate Court, holden *Jan.* 20, 1825, being within the time allowed, and after due notice, her final account of administration was exhibited, allowed and settled ; in which she was charged with the balance of her former account, and with all the proceeds of the real estate sold, and with all other estate of the deceased which had come to her hands, amounting to $264,54, and was allowed sundry charges and payments, amounting to $170,83, leaving in her hands a balance of $93,71; which the Judge on the same day decreed to be distributed *pro rata* among the creditors whose debts

Ring *v*. Burton adx.

were returned by the commissioners as proved before them;—and averred that no other estate had come to her hands, and that the debt of the plaintiff was not for the expenses of the last sickness of the deceased, nor of any other privileged character.

To this plea the plaintiff replied that the alleged allowance of further time on the third day of *June*, 1824, and again on the first day of *October*, in the same year, were neither of them made and granted under the seal of the Judge of Probate; nor was any seal affixed to any such order of allowance, on either of those days; but that the seal of the Judge of Probate was put upon them *May* 20, 1825, on the application of the defendant, and without the knowledge or assent of the plaintiff, or any order of notice to him to appear and shew cause; and on a day when no Probate Court was holden. And concluded with a verification.

The defendant hereupon demurred in law; assigning for causes of demurrer,—1st. that the plaintiff, having traversed a material fact in the plea, ought to have concluded to the country;—2d, 3d, and 4th, in substance, that he had traversed an allegation, the truth or falsity of which, could only appear by the records of the Probate Court, and yet had not denied the existence of the record;—5th, for duplicity.

*Greenleaf* and *Ruggles*, in support of the demurrer, cited 1. *Chitty on Plead.* 537, 625, to shew the replication bad, in form, both for the want of a proper conclusion, and for duplicity, in that it traversed both the fact of sealing, and the time when it was done.

As to the affixing of the seals, they contended that the omission of them was only a judicial misprison, in a matter of mere form; and it was clearly amendable within the case of *Sawyer v. Baker*, 3. *Greenl.* 29, and the authorities there cited. And it disturbed no vested rights of the plaintiff, for he had none, having brought his action prematurely. The right of action in these cases, upon the original demand, accrues only where no account is ever settled, and so no distribution can be decreed. If any account is settled, the remedy for neglect to pay the creditors, is by action on the administration-bond. *Shillaber v. Wyman*, 15. *Mass.* 322. *Coleman v. Hall*, 12. *Mass.* 570. *Hunt v. Whitney*, 4. *Mass.* 620.

Ring *v.* Burton adx.

They further insisted that the fact and time of affixing the seals could not be tried by plea collaterally ; but only by the record itself.

*Allen* and *Fuller,* for the plaintiff, referred to *Stat.* 1821, *ch.* 51, *sec.* 28, giving this remedy where the administrator neglects to exhibit and settle his account within six months after the report of the commissioners is made ; and contended that an account exhibited on that day, as in the present case, did not satisfy the language of the statute, nor protect the administrator.

They contended further, that after the expiration of that term of six months, the Judge of Probate had no authority to allow longer time to settle an account ; and that his act, to that intent, was merely void. If not, he may issue his further order at any time, even after action brought, and thus deprive the common law tribunals of their jurisdiction.

To the point that the proceedings in the Courts of Probate might be avoided by plea, they cited *Sumner v. Parker.* 7. *Mass.* 79. 2. *Mass.* 120. 11. *Mass.* 507. And they relied on *Hunt v. Whitney,* 4. *Mass.* 620, to shew that in any event, costs ought not to be allowed to the defendant.

Mellen, C. J. delivered the opinion of the Court.

The principal facts are, that on the second Monday in *January* 1822, the plaintiff recovered a judgment against the defendant in her capacity of administratrix ; that after the judgment was so recovered, the defendant, having discovered that large demands existed against the estate of the intestate, which would render it absolutely insolvent, did thereupon represent the same as insolvent ; that' commissioners were appointed *January* 22, 1822, who made their report to the Judge of Probate, *January* 21, 1823. It further appears that the plaintiff took out execution on his judgment, soon after it was rendered ; *and* delivered it to an officer, who, after demand on the defendant, made a return of *nulla bona* on the same, in due form ; and thereupon the present writ of *scire facias* was sued out, in the month of *October* 1822, containing a suggestion of waste. The plaintiff claims to maintain this action in virtue of a provision in *Stat.* 1821, *ch.* 51, *sec.* 28. The provision is in these

Ring *v.* Burton adx.

words: "And whenever any executor of the last will, or administrator upon the estate of any person deceased, shall neglect to exhibit and settle his account of administration with the Judge of Probate, where the estate has been represented insolvent, and commissioners have reported to the Judge a list of claims, within six months after such report shall be made to the Judge, or within such further time as the Judge of Probate shall think proper to allow therefor under his hand and seal; any creditor to such estate may commence and prosecute any action, or may prosecute any action then depending, for his demand against such executor or administrator; and the court before whom such action may be depending, shall proceed to hear and determine the same, and give judgment therein, and award execution thereon, in the same manner as if such estate had not been represented insolvent; and upon the return of such execution, duly made, that the executor or administrator refused or neglected upon due request to satisfy the same, such refusal or neglect shall be deemed waste, and upon *scire facias* brought, judgment shall be rendered in favor of such creditor, to recover his debt with costs; and execution shall be awarded against the proper goods or estate of such executor or administrator; and for want thereof, against his body." We have thus stated the express language of the section, so that its several provisions may all be presented at one view. They may be properly said to be penal, because a non-compliance on the part of executor, or administrator, may subject him to incalculable liabilities in his private capacity.

By the above mentioned provisions, a creditor may, in a certain specified case, commence and prosecute to judgment an original action against an executor or administrator, though the estate of the deceased may then be under a commission of insolvency; and also in a specified case, may maintain a *scire facias* against such executor or administrator, and obtain judgment and have execution against his own proper goods and estate. It will be perceived at once, that, according to the strict letter of the section cited, such original action is to be commenced or prosecuted to judgment after the default or negligence on the part of the executor or administrator has taken place; and that the return of *nulla bona*, which shall

be deemed proof of waste, is a return on an execution issued on a judgment so recovered. This is the strict and literal construction of the section we are considering. But we apprehend that it is neither proper or necessary to adopt so narrow a construction. The advantages contemplated by the law, may all be obtained by a more liberal application of its principles and provisions. It is evident that the legislature, in enacting the section in question, had no respect to those cases where the executor or administrator had not been guilty of a violation of duty, and official negligence. The existence of such violation and negligence, being established by the return of *nulla bona,* constituted the waste by which the executor or administrator should be liable, on *scire facias,* to a judgment and execution against his own proper goods and estate. For these reasons, we are satisfied that, in order to lay the foundation of this personal liability, it is not necessary that the original action should be commenced after the fault and negligence specified had taken place; but that if before that time the original action had proceeded to judgment, a return of *nulla bona* on an execution issued on such judgment would entitle a creditor to all legal advantages of such a return, to be obtained on a *scire facias.* We adopt this opinion, because it seems unnecessary that a creditor, whose demand has been reduced to a judgment before a commission of insolvency has issued, should be obliged to commence a new action on such judgment, for the purpose of obtaining a return of *nulla bona,* and a judgment on *scire facias* against the executor or administrator *de bonis propriis.*

Nor will this construction in any manner prejudice the rights of an honest executor or administrator, who has been guilty of no official negligence or violation of duty; because he cannot be subjected to personal liability, in virtue of the return of *nulla bona,* and suggestion of waste, unless the facts of the case shew that he has been guilty of those acts, or that official negligence, which constitute waste; and if those facts which go to prove that he has not been guilty of such negligence and violation of official duty, have taken place after the rendition of judgment in the original action, he may plead the same in bar, upon the *scire facias,* as the defendant has done in the present case, and the bar will be good; such facts

Ring *v.* Burton adx.

not having been pleadable in bar of the original action. Having given the above construction to that part of the section which relates to the commencement and prosecution of the original action, we now proceed to the examination of that which relates to the *scire facias,* applying the principles of law to the facts before us. In this case, the original action was commenced, and judgment was recovered against the defendant, before the estate was represented insolvent; or such representation was deemed necessary. The plaintiff pursued his action in the usual manner, and with the usual motives; that is, to obtain payment of the demand; not because the defendant was in any special manner in fault, but because he found it prudent to use compulsory measures to effect his object. It does not appear that the defendant, at the time such judgment was recovered, had been guilty of any official negligence which could subject her to any personal liabilities; nor was it the object of the plaintiff, in pursuing his action and obtaining his judgment against the defendant, to subject her to any such. Up to the time of the commission of insolvency, every thing seems to have been conducted in common form, and without any reference to the particular provisions of the section above mentioned.

This leads us to inquire whether the defendant was in the wrong, in not satisfying the execution which issued on said judgment, and on which the officer made the return of *nulla bona.* We have seen that, before the execution issued, the commission of insolvency had issued; and it would certainly seem the duty of the defendant to conduct the settlement of the estate in the usual manner, by waiting to ascertain the amount of demands against it, and the value of the estate itself; so that the whole should be settled according to the provisions of law in cases of absolute insolvency. The defendant, therefore, appears to have declined paying the judgment, upon just and proper grounds; and no good reason can be assigned, why she should have paid that particular demand, any more than others; or why a refusal to satisfy it should be considered by this court as an instance of official neglect, any more than a refusal to satisfy any other claims, in similar circumstances. On this ground, the return of *nulla bona* is no proof of misconduct, and furnishes no basis for the suggestion of waste.

Ring *v.* Burton adx.

To sustain this action, therefore, on the principles contained in the 28th section, seems to be legally impossible; it is a case not contemplated by its provisions. To sustain it, would be to subject the defendant to personal liabilities, and actual losses, for doing that which prudence and official duty required. The absolute insolvency of the estate is not denied or doubted ; and the present experiment of the plaintiff to obtain payment in full of his demand, while other creditors must be content with their dividends, as the Judge of Probate may decree, seems consistent neither with justice nor law.

In this view of the cause, it becomes unnecessary to examine the question, how far the settlement of an administration account by the defendant, soon after the commissioners made their report, and within six months next following, would exempt her from the penal consequences of her long delay, before an extension of the time was allowed by the Judge of Probate, if this was a case within the design and range of the 28th section. Accordingly, we do not mean to intimate any opinion as to that point, or decide whether it is necessary that the extending order of the Judge should be made under his hand and seal before the expiration of the six months ; or a second extending order should be so made before the end of the first term allowed, in order to prevent the creditors right of action, given by that section, from attaching. We would only remark, that this seems to be the most prudent course, and best adapted to hasten the final settlement of an estate under administration. The case before us, does not require more to be said on that point. Neither is it necessary that we should particularly examine the merits of the replication, or the plea ; because, on demurrer, it is our duty to go back to the first fault ; supposing, therefore, that the replication and plea were both insufficient, still, if the declaration is bad, the action is not sustainable. We are all clear, however, that upon the facts disclosed in the declaration and plea in bar, none of which, of any importance, are denied in the replication, the case is not within the language or the reason and meaning of the section abovementioned ; and the counsel for the plaintiff does not pretend that the action can be maintained, independently of that section. At the time the commission of insolvency was issued, the plaintiff was a judgment creditor ; and like other

creditors, he should have presented his claim, founded on that judgment, to the commissioners for allowance ; and, not having done so, he must not blame others for his own omission. We adjudge the plea in bar good and sufficient.

As to costs, the counsel for the plaintiff contends that they ought not to be allowed to the defendant ; and in support of his objection, he has cited *Hunt v. Whitney, ad.* 4. *Mass.* 620. On examining that case, it is found to differ from this ; in that, costs were denied, because the action was rightly commenced, and was defeated by the subsequent representation of insolvency, which proved to be an absolute insolvency. But the present action was not rightly commenced, because the estate had been previously represented insolvent, and is absolutely so. For these reasons, we are of opinion that the defendant is to be fairly considered as the party prevailing, and entitled to her costs.